

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11. TEXAS

Honorable Walter C. Woodward
Life Insurance Commission
Board of Insurance Commission
Austin, Texas

Dear Sir:               Opinion No. 0-2390
                           Re:  Union Burial Club of Free-
                               stone County.

      Your request for an opinion of this department has been received and considered. We quote from your letter as follows:

      "I am enclosing a letter received by this Department from the Honorable Bowlen Bond of Fairfield, Texas, and our reply together with constitution and by-laws of the Union Burial Club of Fairfield, Texas.

      "The reason I am referring the matter to you is that Mr. Bond asked that we submit the matter to the Attorney General to determine if your Department takes the same view of having the Union Burial Club secure a permit and operate as an insurance organization as is taken by this Department.

      "In this connection may I call your attention to Chapter 8A, mutual assessment life insurance companies, Article 4859f, Section 6B. This particular law compels all organizations issuing insurance contracts to secure a permit from the Board of Insurance Commissioners. I also direct your attention to Senate Bill 135, passed by the Forty-Sixth Legislature, which is now Article 5068-1, section 1 of which tells the type and kinds of concerns to which this particular act is applicable. In the opinion of the Department, the Union Burial Club would come under the law as an insurance organization and should be required to secure a permit and operate thereunder.

      "Please study the enclosed constitution and by-laws of the Union Burial Club and advise the Department if our position is correct in requiring the said Union Burial Club to secure a permit from this Department."

The adopted Constitution and By-Laws of the Union Burial Club reveal that:

"Article 2. The object of this Club shall be to promote Benevolence, Charity, Fellowship and Brotherhood among the membership; to help sick members and to bury the deceased members.

"Article 4. The officers of this Club shall be President, Vice-President, Secretary, Assistant Secretary, Treasurer, and other officers as a majority of the Club may from time to time desire.

"Section 3. It shall be the duty of the Secretary to keep a fair, full and accurate record of the proceedings of each meeting, and maintain and keep a permanent record of the same; keep a record of all monies received by the Treasurer and the amount and purpose and to whom each amount paid out is made; report the financial condition of the Club when requested by the body; and to turn over all minutes and records to his or her successor when duly elected.

"Section 5. The Treasurer shall keep and hold all money received by the Club, and shall deposit the same in some bank designated by the Club to the credit of Union Burial Club of Free-stone County, Texas; to keep a record of the money received, by whom donated and the date there-of, and a complete record of all money paid out and to whom paid and the date and purpose there-of; make his or her report when requested by the Club; and turn over to his or her successor all records, reports, etc., when the same has been duly elected by the Club.

"Article 7. All applications of members for sick relief benefits, funeral benefits, and any and all requests from members of the Club for financial aid or assistance shall be addressed to the benevolance of this Club.

"Article 11. The Club shall donate to dis-tressed and sick members upon the recommendation of the Sick Committee, which Committee shall be appointed by the Club. Any member who has not donated to the Club in the past three consecutive months shall not be entitled to a donation from the Club.

"Article 12.  The President shall appoint a Committee which shall be known as the Relief Committee whose duty it shall be to visit the sick members of the Club, investigate their condition, and to report to the Club.  It shall be the duty of a member when he or she gets sick to communicate with the Chairman of the Relief Committee, or any member thereof, and make application for relief if desired.

"Article 13.  The President shall appoint a Committee of three members which shall be known as the Funeral Committee.  It shall be the duty of the Funeral Committee when notified of the death of a member of the Club to investigate the books of the Secretary and determine therefrom whether said deceased person is a member of the Club in good standing.  If the deceased member is in good standing and is entitled to funeral benefits, then the Funeral Committee shall make its recommendation to the Club, and the President, Secretary and Treasurer shall draw on the funds of the Club such amount as the Funeral Committee has found the deceased member deserves.

"Article 14.  When any member fails to make a donation to the Club for three consecutive months, his or her name shall be dropped from the rolls of the Club by the Secretary at the end of the third month, and such member shall no longer be a member of this Club in good standing.  Such member may become reinstated by complying with the Constitution and By-laws and the rules and regulations of this Club.

"Article 18.  Section 2.  The Club may adopt any rules or regulations not inconsistent with the provisions of the Constitution and By-laws * * * and any member who fails or refuses to abide by such rules, regulations and orders shall automatically be dropped from the membership roll and shall not thereafter be entitled to any of the benefits of this Club unless and until he or she is reinstated under the provisions of this Constitution and By-laws and the rules and regulations of this Club.

"Article 19.  Section 1.  Burial benefits that may be paid on the funeral of the members of this Club shall be as follows:  Not more

than $150.00 when the membership of the Club is 70 or more; not more than $75.00 when the membership is 50 or above and not more than 70; not more than $50.00 when the membership is less than 50 in number.

"Section 2. Sick benefits may be paid to members of the Club when the same has been recommended to the Club by the Relief Committee not to exceed $1.50 per week to any member."

Art. 5068-1, et sep, Vernon's Annotated Civil Statutes governs so called Mutual Assessment Companies. Section 1 of that article provides:

"This Act shall apply to and embrace all insurance companies and associations, whether incorporated or not, * * * * * whose funds are derived from the assessments upon its * * * members, and shall, in fact, apply to all life, health and accident companies or associations which do not come within the provisions of Chapter 3, Chapter 5, Chapter 7, Chapter 8, Chapter 9, Chapter 18, Chapter 19, or Chapter 20, Title 78 of the Revised Civil Statutes of Texas. This Act shall include local mutual aid associations; statewide life; or life, health, and accident associations; mutual assessment life, health and accident associations; burial associations; and similar concerns, by whatsoever name or class designated, whether specifically named herein or not." (Underscoring ours)

Section 2 of Article 5068-1 gives the following definitions:

"'Association' shall refer to and include all types of organizations, corporations, firms, associations, or groups * * *" (Underscoring ours)

"* * * * *

"Member' shall include policy holders or any persons insured by an association, by whatsoever means the insurance may be effective." (Underscoring Ours)

We find that the Union Burial Club does not come within any of the exceptions announced in section 1 of Art. 5068-1, supra. Consequently, it is our opinion, and you are

advised that the constitution and by-laws, as quoted above, places the Club and its contemplated activities within the defined scope of that Act.

Art. 4859f (6b), Vernon's Annotated Civil Statutes, provides that it shall be the duty of the Life Insurance Commission to require "any corporation, person, firm, association, local mutual aid association, or any local association, company, or organization to have a certificate of authority before being authorized to carry on any insurance business in this State."

Trusting that this fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Wm. J. Fanning
Wm. J. Fanning
Assistant

By s/Grundy Williams
Grundy Williams

GW:RW:wc

APPROVED JUNE 11, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman